UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMOS P. DEMOPOULOS, VICTOR
CASTELLANO, VINCENT THEURER, and
JEFF HAMMOND, as Trustees and Fiduciaries of
the LOCAL 553 PENSION FUND;

        Plaintiffs,

   v.

F&B FUEL OIL CO. INC.,

        Defendant.

COMPLAINT

    The Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Local 553 Pension Fund (the "Pension Fund" or "Fund"), by their attorneys, Friedman & Anspach, complaining of F&B Fuel Oil Co. Inc., ("Defendant"), allege as follows:

INTRODUCTION

    1. Plaintiffs seek to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"), and the trust agreement governing the Fund (the "Trust Agreement").

JURISDICTION AND VENUE

    2. This Court has jurisdiction over this matter pursuant to Sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1451(c).

1

3. Venue lies in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Defendant is located within the District.

## PARTIES

4. The Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  It was established pursuant to the terms of various collective bargaining agreements between Local 553, I.B.T., which is a labor organization representing employees in an industry affecting commerce, and various employers who are required to make contributions to the Fund on behalf of their employees covered by the collective bargaining agreements.  The Fund provides various pension benefits to covered employees, retirees, and their dependents.  The Fund is operated pursuant to the terms of the Trust Agreement.

5. The Fund's principal office is located at 265 West 14th Street, Suite #315, New York, New York 10011.

6. The Trustees are the "plan sponsor" within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).  The Trustees are fiduciaries of the Fund, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. Defendant is a New York corporation that maintains and/or maintained its principal place of business at 10 Ludlow Street, Yonkers, NY 10705.

## WITHDRAWAL LIABILITY

8. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 7.

9. At all relevant times, Defendant was a party to and bound by a series of collective bargaining agreements with Local 553, I.B.T.  Pursuant to these agreements,

Defendant was obligated to pay and in fact did pay contributions to the Fund on behalf of employees covered by said agreements, and was bound to the terms of the Trust Agreement governing the Fund.

10. According to the Fund's records, Defendant permanently ceased to have an obligation to contribute to the Fund as of July 26, 2017. Pursuant to ERISA § 4203(a), 29 U.S.C. § 1383(a), and Art. VI § 5(d) and Amendment No. 4 of the Trust Agreement, such permanent cessation of Defendant's obligation to contribute to the Fund constitutes "complete withdrawal" from the Fund.

11. Pursuant to ERISA § 4201, 29 U.S.C. § 1381, Defendant is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits. In accordance with ERISA § 4211, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Fund has calculated Defendant's withdrawal liability to be $255,248.00.

12. By letter dated November 16, 2017, (attached hereto as "Exhibit A"), in accordance with ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), the Fund sent Defendant a written demand for payment of its withdrawal liability, including a payment schedule, according to which Defendant was obligated to pay 206 monthly payments of $2,064.47 commencing December 1, 2017, plus a final payment of $1,669.42.

13. Defendant did not contest the Trustees' finding that it had withdrawn from the Fund nor did it challenge the Fund's withdrawal liability assessment.

14. Defendant failed to make the initial monthly payment of $2,064.47 due on December 1, 2017. To date, Defendant has not made the initial monthly payment or any subsequent payments.

15. By letter dated March 23, 2018, the Trustees notified Defendant of its failure to make its withdrawal liability payments, and informed it that it had sixty (60) days to cure its default and make its withdrawal liability payments.

16. Defendant did not cure its failure to make monthly withdrawal liability payments. Thus, by failing to make its monthly withdrawal liability payments within sixty (60) days of receiving notice of such failure, Defendant defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the Trust Agreement Art. VI 5(d) and Amendment No. 4. The entire outstanding balance of its withdrawal liability ($255,248.00), plus interest at a rate equal to 18% per annum running from December 1, 2017, the date the first payment was due, is therefore due and owing pursuant to ERISA Sections 515 and 4219(c)(5), 29 U.S.C. §§ 1145, 1399(c)(5), and Article VI(5)(d)(2) and (3) and Amendment No. 4 of the Trust Agreement.

17. In accordance with ERISA Sections 502(g)(2)(B) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B) and 1451(b), and 29 C.F.R. § 4219.32, and Art. VI (5)(d)(2) and Amendment No. 4, the Fund is entitled to receive interest at the rate of eighteen percent (18%) per annum on delinquent withdrawal liability payments from the date due to the date the delinquency is paid.

18. In accordance with ERISA Sections 502(g)(2)(C)-(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C)-(D) and 1451(b) and Art. VI(5)(e) and Amendment No. 4 of the Trust Agreement, Defendant is obligated to pay the greater of liquidated damages in the form of twenty percent (20%) of the unpaid amount due and owing, or additional interest in the amount set forth above, plus costs and attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant for withdrawal liability in a total amount of $255,248.00 pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), and ERISA Section 515, 29 U.S.C. § 1145; plus interest at the rate of eighteen percent (18%) per annum from the date due until the date on which judgment is entered, plus the greater of liquidated damages in the amount of twenty percent (20%) of its outstanding withdrawal liability, or additional interest in an amount equal to the interest described above; plus attorneys' fees and costs; plus such other relief as the Court deems appropriate.

Dated: February 6, 2019
      New York, New York

      /s/
Erin V. McGee (EM-3947)

FRIEDMAN & ANSPACH
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500
emcgee@friedmananspach.com

Attorneys for Plaintiffs

4824-1526-5159, v. 1